FLOWERS *v.* MANN.

4-9546                                         242 S. W. 2d 840

Opinion delivered October 15, 1951.

Rehearing denied November 12, 1951.

398

*Walter N. Killough* and *John N. Killough,* for appellant.

*Giles Dearing,* for appellee.

HOLT, J. The record shows that appellee, Mrs. Mary Lee Mann, entered into an oral agreement with her second cousin, Iva Flowers, and Iva's husband, Gary, (appellants here) to buy a home in Wynne, Arkansas, and own, occupy and hold the property "as joint tenants with right of survivorship." They agreed to share the property, the insurance, taxes, upkeep, and living expenses equally and live in the house as "one family." Their ages were: Mrs. Mann—71, Mrs. Flowers—44, and Mr. Flowers—50.

Pursuant to the agreement on May 18, 1948, they purchased a residence in Wynne for $14,000. Of this amount, Mrs .Mann contended that she agreed to pay, and did pay $8,000, and that appellants agreed to pay the balance of $6,000. Appellants, on the execution of the deed, voluntarily paid $1,000 on the purchase price, which they termed an "appreciation" payment. The $5,000 balance was evidenced by five one thousand dollar installment notes, the first to become due November 15, 1949.

The deed to the property contained the following recital: "In consideration of the sum of Fourteen Thonsand Dollars, paid and to be paid by Mary Lee Mann, Gary Flowers and Iva Flowers as follows, to-wit: Nine Thousand Dollars cash in hand (the receipt of which is hereby acknowledged), and the remaining $5,000 payable in annual installments of $1,000 each, the first installment being due on or before November 15, 1949,

and a like installment being due on or before the 15th day of each succeeding November, until all of said remaining unpaid purchase price, with interest as hereinafter mentioned is fully paid, and all of said installments being evidenced by notes of even date, bearing interest from date until paid, at the rate of five per cent per annum, do hereby grant, bargain and sell unto the said Mary Lee Mann, Gary Flowers and Iva Flowers, as joint tenants and unto their heirs and asisgns forever, * * *

"To have and to hold the same unto the said Mary Lee Mann, Gary Flowers and Iva Flowers, as joint tenants, with right of survivorship."

The five notes were all signed by appellants and appellee and they moved into the home June 2, 1948. After several months under this arrangement, a coolness developed and the relations of the parties became strained. They discontinued eating at the same table, lived in different parts of the house, and quit speaking, creating an almost intolerable situation, according to the testimony.

When the first installment note came due, November 15, 1949, appellants refused to pay it. They frankly admitted that they did not intend to pay it or any of the remaining notes, insisting that they had never agreed to do so and that these notes were the obligation of Mrs. Mann. Following their refusal to pay, Mrs. Mann paid the $1,000 note and then brought the present suit, alleging that appellants had breached their agreement or contract with her and prayed "that the said agreement to be cancelled, and that any and all right, title or interest the defendants have in or to the said property be by decree of this court divested out of the defendants and vested in this plaintiff; that the defendant be required to account to plaintiff for rents for the time they have used said residence, and an accounting be had between them," etc.

The trial court found that appellants had breached their contract with Mrs. Mann, that the deed to the parties "should be reformed, to strike out and eliminate the

clause as to survivorship in said deed, and to divest the defendants of any and all right or title to the said property and to vest the title to same exclusively in the plaintiff.

"That all personal property owned jointly by the parties be sold by J. W. McElroy who is appointed as Commissioner for such purpose, and the proceeds of the sale be divided among the parties according to their interests, and that the defendants be charged with $25 per month from May 18th, 1948, until September 8th, 1950, and that from and after that date the defendants be charged with the sum of $37.50 per month as rent on said premises occupied by them if an appeal be taken herein.

"That the plaintiff pay to the defendants the difference between the rents and the said $1,000 so paid by Gary Flowers, and that the defendants vacate the said premises at once upon payment of such difference," and entered a decree accordingly. This appeal followed.

The primary and decisive question presented is whether appellants entered into a contract with Mrs. Mann, whereby they agreed to pay the balance of the purchase price of this house if she would pay the $8,000 and whether they breached this contract.

We hold that the finding of the trial court in favor of Mrs. Mann on this issue was not against the preponderance of the testimony. Mrs. Mann testified positively that appellants did agree to pay the balance over $8,000 and the testimony of Mr. Drexel, who negotiated the sale of the property to the parties, and other witnesses tended to corroborate her. Appellants denied any such agreement and testified, in effect, that Mrs. Mann was to pay all of the purchase price and that they were to pay nothing, and did not intend to pay anything on the purchase price. The undisputed fact that appellants signed, along with appellee, the five installment notes, thereby obligating themselves to pay, tends to contradict their testimony and to corroborate Mrs. Mann.

Since it appears that the first $1,000 note became due November 15, 1949, and appellants refused to pay it,

their breach of the contract must begin from this date (November 15, 1949) and appellants charged with rent from this date and not from May 18, 1948, as the court found. With this modification only, the decree is affirmed.